Donovan CRAWFORD

v.

ALLIED CONTAINER CORPORATION.

Supreme Judicial Court of Maine.

Argued May 3, 1989.

Decided July 17, 1989.

Alan G. Stone, Susan P. Herman (orally), Clifford, Clifford & Stone, Lewiston, for plaintiff.

Thomas Getchell (orally), Richardson & Troubh, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN and COLLINS, JJ.

WATHEN, Justice.

Defendant Allied Container Corporation (Allied) appeals from a jury award of $115,000 entered in the Superior Court (Androscoggin County, *Perkins, J.*) in favor of plaintiff Donovan Crawford in a negligence action. Allied argues on appeal that the Superior Court erroneously determined that it was collaterally estopped by a decree of the Workers' Compensation Commission from relitigating Crawford's employment status. Alternatively, Allied argues that if Crawford was an independent contractor and not an employee, it is entitled to judgment as a matter of law because he was hired to repair the defect that

caused his injuries. We find no error, and affirm the judgment.

The relevant facts may be summarized as follows. On weekends, Donovan Crawford performed maintenance work on Allied's trailers as requested. On Saturday December 5, 1981, he was asked to fix a sprung trailer door. When he examined the trailer, the door was open and appeared to be secured against the side of the trailer. He leaned a ladder against the door and climbed up to get a view of the third hinge. The wind kicked up, yanked the door from the trailer and knocked him to the ground. At that point, he noticed that the door hook was missing and saw a dangling electrical wire that had apparently been holding the door against the trailer. Crawford had not been warned that the door hook was in disrepair. He was seriously injured in the fall.

Crawford first filed for worker's compensation benefits, but his petition was denied because Allied contended, and the Commissioner found, that no employer/employee relationship existed between Crawford and Allied. No appeal was taken from the single Commissioner's determination. Crawford then filed a complaint in the Superior Court alleging negligence on the part of Allied. As an affirmative defense Allied asserted that the claim was barred by the immunity provision of the Workers' Compensation Act. Crawford moved for partial summary judgment arguing that Allied was collaterally estopped from asserting that he was subject to the Act. The Superior Court granted Crawford's motion. After a jury trial on the issues of negligence and damages, Allied appeals.

■ Allied first argues that because the burden of proof shifted in the Superior Court from the proceeding before the Commissioner, collateral estoppel was not properly applied. *Restatement (Second) of Judgments*, § 28 at 273 (1982), provides in relevant part:

> Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:
>
> .   .   .   .   .
>
> (4) The party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action; the burden has shifted to his adversary; or the adversary has a significantly heavier burden than he had in the first action.

Allied does not contend that the first and third situations apply but, relying on an illustration provided by the Restatement, it argues that the shift in the burden of proof precludes application of collateral estoppel. That illustration reads as follows:

> 10. A brings an action against B for injuries incurred in an automobile accident involving cars driven by A and B. Under the governing law, A has the burden of proving his freedom from contributory negligence. Verdict and judgment are given for B on the basis that A has not sustained that burden. In a subsequent action by B against A for injuries incurred in the same accident, the issue of A's negligence (on which B now has the burden of persuasion) is not concluded by the first judgment.

*Id.* at 282. The illustration is readily distinguished from the facts in the present case. There A protested his negligence throughout; here, Allied took the position before the Commission that Crawford was *not* an employee, but in the Superior Court argued that Crawford *was* an employee. Nothing in the illustration entitles Allied to "have it both ways." Furthermore, by its terms, section 28(4) does not apply to Allied. The word "his" in the phrase relied upon by Allied refers to the party *against whom* preclusion is sought, namely, Allied. The exception only applies where the burden has shifted *from* Allied to its adversary. Here, the burden has shifted *to* Allied from its adversary and the general rule regarding issue preclusion applies. *Id.* § 17 at 148, § 27 at 250. Issue preclusion is grounded in concern for judicial economy and efficiency, the stability of final judgments, and fairness to litigants. *See Gur-*

*ski v. Culpovich,* 540 A.2d 764, 765 (Me. 1988) and *Beegan v. Schmidt,* 451 A.2d 642, 646 (Me.1982). Fairness alone dictates that, having argued successfully before the Commission that Crawford was not an employee, Allied should not now be heard to claim that he was an employee.

 Allied argues in the alternative that if Crawford was not an employee then he was an independent contractor and it is not liable because he was injured by the very defect he was hired to repair. Specifically, Allied urges us to adopt the "repair exception" set forth in 41 Am.Jur.2d, *Independent Contractors* § 28 (1968).[1] The effect of the exception is to excuse the owner from giving notice of defects to an independent contractor, on the theory that the contract of repair imports the notice that would otherwise be required. *See Levesque v. Fraser Paper,* 159 Me. 131, 138, 189 A.2d 375, 379 (1963). We have never adopted this exception and we have no occasion to do so in this case. The Superior Court committed no error in ruling as a matter of law that the contract to repair door hinges did not import notice of the absence of an adequate latch to hold the door open.

The remaining arguments of Allied are without merit and require no discussion.

The entry is:

Judgment affirmed.

All concurring.

---

1. That section provides:

   As an exception to the general rule requiring the owner or occupier of premises (the contractee) to furnish a safe place of work to an independent contractor and the latter's employees, the owner or occupier is under no duty to protect them against risks arising from or intimately connected with defects of the premises, or of machinery or appliances located thereon, which the contractor has undertaken to repair. ... As to contracts for such repair work, it is reasoned that the contract is sufficient in itself to impart notice of a defect, the extent of which the repairman must discover for himself.