**John MORTON**

v.

**Rudolph SCHNEIDER et al.**

Supreme Judicial Court of Maine.

Argued May 14, 1992.

Decided Aug. 25, 1992.

John C. Bannon (orally), Barbara T. Schneider, Murray, Plumb & Murray, Portland, for plaintiff.

Dierdre O'Callahan (orally), Preti, Flaherty, Beliveau & Pachios, Augusta, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Plaintiff John Morton appeals from a judgment of the Superior Court (Franklin County, *Browne, A.R.J.*) affirming the decision of the Town of Rangeley Board of Appeals that upheld the issuance of a conditional use permit by the planning board to defendant Rudolph Schneider. Morton argues that the court erred in holding that his appeal was barred by *res judicata,* and further argues that the permit violates the

town's zoning ordinance on the question of road frontage. We agree with Morton on both issues and vacate the judgment.

Schneider owns an undeveloped 4.16 acre lot bordered by Route 4 on one side, Rangeley Lake on the other side, and two lots along the lot lines running from Route 4 to the lake. In November 1990 the planning board granted Schneider a conditional use permit to construct a 64–unit motel on his lot. Section 5(M)(2) of the zoning ordinance requires that motels be built on lots with at least 200 feet of road frontage. Schneider's lot has road frontage on Route 4 of approximately 123 feet. Moreover, no other lot line abuts any traveled way. A gravel right-of-way, however, passes through the interior of Schneider's lot, and he relies on that way to argue that his property has sufficient road frontage to comply with the ordinance.

More than a year before applying for the conditional use permit that is the subject of this appeal, Schneider had made a similar application to the planning board. The board approved the project and issued the permit. Morton, an abutting property owner, challenged that decision in the Superior Court. The court held that Schneider's conveyance of the shore frontage to a corporation he owned and operated, with the result that the motel lot was no longer a shore front lot, did not relieve him of responsibility to comply with the shore frontage requirements for motels. In dicta, the court stated that it believed the frontage and setback requirements were met. Neither party appealed the judgment.

The Town later amended its zoning ordinance, reducing the minimum shore frontage requirement. Following that amendment, Schneider submitted a new application for a conditional use permit, which was issued by the planning board and is the basis for this appeal. Morton objected to the proposal before the planning board and, after an unsuccessful appeal to the Board of Appeals, again challenged the decision in the Superior Court, arguing, *inter alia*, that Schneider's property lacked the road frontage required by the ordinance. The court did not reach the merits of Morton's

claim, holding that his complaint was barred by the doctrine of *res judicata*.

▇ Morton's action is not barred by *res judicata* or by collateral estoppel.

The doctrine of res judicata—literally, "thing adjudged"—is a court-made collection of rules designed to ensure that the same matter will not be litigated more than once. ... Unlike the related rule of collateral estoppel or "issue preclusion," which merely prevents the reopening in a second action of an issue of fact actually litigated and decided in an earlier case, the doctrine of bar, or "claim preclusion," prohibits relitigation of an entire "cause of action" between the same parties or their privies, once a valid final judgment has been rendered in an earlier suit on the same cause of action.

*Beegan v. Schmidt*, 451 A.2d 642, 643–44 (Me.1982) (footnote omitted). If we applied the doctrine of *res judicata* as Schneider urges, Morton would be barred from challenging the legality of the second permit because he had successfully challenged the first permit. That argument is as unconvincing as it sounds. Because the permit at issue in this case is not the same permit that was found invalid in the prior litigation, Morton has brought a different claim and therefore *res judicata* does not pose a bar.

Nor does the doctrine of collateral estoppel bar Morton's appeal:

It is familiar law in Maine that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, *and that determination is essential to the judgment*, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."

*Sevigny v. Home Builders Ass'n of Maine, Inc.*, 429 A.2d 197, 201 (Me.1981) (emphasis added) (citations omitted). The court did address the issues of road frontage and setback requirements in its earlier judgment. Because the court's conclusions on those issues were not essential to its judgment, however, Morton is not estopped from rearguing those issues. Moreover,

giving preclusive effect to the court's judgment on those issues would be unjust, because Morton had no basis to appeal that judgment since he had won and was not an aggrieved party.

■ Turning to the merits of the zoning issue before us, the critical question is whether an interior road can constitute "road frontage" for the purposes of the Rangeley zoning ordinance. Resolution of this question reveals an ambiguity in the ordinance. Frontage is defined in section 9(B)(19) of the ordinance as

> the horizontal distance between side lot lines as measured along the front lot line. Frontage shall be continuous and under one ownership. For corner lots, frontage may be the total distance along more than one street as long as it is continuous.

Street is defined in section 9(B)(52) of the ordinance as

> a right-of-way owned or accepted by the town, county, or state for public travel. Also a right-of-way dedicated for public travel and shown on a subdivision plan.

It is clear that the measure of frontage is intended to be the distance along *public* rights-of-way. Section 5(M)(2) of the ordinance requires, however, 200 feet of "road frontage," a term not defined in the ordinance. The ambiguity arises because section 9(B)(47) of the ordinance defines "road" to encompass both private and public rights-of-way. Thus Schneider argues that although his lot contains 123 feet of frontage, it contains over 200 feet of "road frontage." We need not, however, resolve this ambiguity. Although there may be disagreement in a given case as to which boundary of a lot constitutes its front, an interior road that passes through the center of a lot cannot possibly constitute road frontage under the Rangeley ordinance, which defines frontage as "the horizontal distance between side lot lines *as measured along the front lot line.*" (Emphasis added.) The interior road in this case cannot be the front lot line because it is no lot line at all.

The entry is:

Judgment vacated.

Remanded to the Superior Court for entry of a judgment vacating the decision of the Board of Appeals.

All concurring.