Richard ERVEY

v.

NORTHEASTERN LOG HOMES,
INC., et al.

Supreme Judicial Court of Maine.

Argued Sept. 20, 1993.

Decided Feb. 28, 1994.

Joseph P. Sudbay (orally), James J. Mac-Adam, McTeague, Higbee, Libner, MacAdam, Case & Watson, Topsham, for employee.

Paul A. Sighinolfi (orally), Jane E. Skelton, Rudman & Winchell, Bangor, for employer.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, and DANA, JJ.

COLLINS, Justice.

Richard Ervey appeals from a Workers' Compensation Board decision to nullify an unappealed 1986 decree of the Workers' Compensation Commission. Ervey asserts that the Commission's decision was not clearly erroneous and that, even if it were erroneous, the 1986 decision was final and was not subject to collateral attack. Northeastern Log Homes, Inc. counters that the 1986 decree awarded compensation to the employee to which he was never entitled pursuant to 39 M.R.S.A. § 55 *repealed by* P.L.1987, ch. 559, § B (effective Nov. 20, 1987)[1] and therefore the 1986 decree was void when issued in 1986 and the Board did not err in its 1993 decision to declare it so. We hold that the Commission's 1986 decree was final and valid, and

---

1. Because we vacate the Board's decision on *res judicata* grounds, we do not decide whether the Legislature's 1973 repeal of the 325 week limita-tion of § 55 applies to Ervey's prior injury. P.L. 1973, ch. 531, § 1.

thus, the 1993 decision of the Board is barred by the doctrine of *res judicata*. We vacate the decision of the Workers' Compensation Board.

The parties stipulated to the following facts: Ervey suffered a number of compensable injuries; relevant to the matter at hand is a compensable injury sustained by Ervey in 1972 while he was employed by Northeastern. In 1986, the Commission ordered Northeastern and its insurer to pay 33% of lost earnings incurred by Ervey from 1975 to 1980 and to pay 25% partial incapacity from 1980 to the present and continuing indefinitely. Although Ervey also suffered a compensable injury in 1969 while working for Allen Electric Company, the Commission's 1986 decision noted that Allen Electric was not liable for any portion of the partial incapacity because, at the time of that injury, an Employer's liability for partial incapacity was limited to 300 weeks. The 1986 decision was never appealed.[2] Nevertheless, in 1993, in response to Northeastern's "Petition to Terminate Commission Order Relative to a December 18, 1972 Injury," the Board held that the Commission's 1986 decree was null and void "as the Commission had no authority to require Northeastern Log Homes to pay Ervey benefits at that time." Ervey appeals.

At the time of Ervey's December 1972 injury, 39 M.R.S.A. § 55 provided that:

> [w]hile the incapacity for work resulting from the injury is partial, the employer shall pay the injured employee a weekly compensation ... and in no case shall the period covered by such compensation be greater than 325 weeks from the date of the accident except for vocational rehabilitation services provided under sections 52 and 54.

Northeastern argues that the Commission improperly granted partial incapacity benefits beyond the statutory 325–week period, and thus, its decision was void. Ervey contends that the Commission's decision, if final, was merely an error of law and thus may be "voidable" but is not "void."

"It is well established that a valid judgment entered by a court, if not appealed from, generally becomes *res judicata* and is not subject to later collateral attack." *Standish Tel. Co. v. Saco River Tel. & Tel. Co.*, 555 A.2d 478, 481 (Me.1989). We have recognized "a strong policy in favor of ending litigation and giving finality to court judgments." *Id.* Balanced against a policy favoring finality, however, is a requirement that in order to become final, a judgment must be valid. *Id.*

We have repeatedly applied *res judicata* principles to decisions rendered by the administrative tribunals of the Workers Compensation system. *E.g., Crawford v. Allied Container Corp.*, 561 A.2d 1027, 1028–29 (Me.1989); *Dillingham v. Andover Wood Products*, 483 A.2d 1232, 1234–35 (Me.1984); *Canning v. State*, 444 A.2d 387, 389–91 (Me. 1982); *Leo v. American Hoist & Derrick Co.*, 438 A.2d 917, 925 (Me.1981); *Wentzell v. Timberlands, Inc.*, 412 A.2d 1213, 1214 (Me. 1980); *Comer v. Standard Oil Co. of New York*, 163 A. 269, 270 (Me.1932); *Graney's Case*, 124 A. 204 (Me.1924); *see Wentworth v. Manpower Temporary Services*, 589 A.2d 934, 937–38 (Me.1991). However, in *Maines v. Secretary of State*, 493 A.2d 326, 328–29 (Me.1985), we rejected the traditional "dichotomy of direct versus collateral attack [and the] distinction between void and voidable decision[s]" and instead indicated that the *Restatement (Second) of Judgments* § 86 (1982) presents the appropriate analysis to undertake when considering administrative *res judicata*. *E.g., Standish Telephone*, 555 A.2d at 481; *see Crawford*, 561 A.2d at 1028. Thus, the pre–1985 cases cited by the parties which focus on the distinction between "void" and "voidable" are not dispositive.

Section 83 of the *Restatement* states:

> (1) Except as stated in Subsections (2), (3), and (4), a valid and final adjudicative determination by an administrative tribunal has the same effects under the rules of res judicata, subject to the same excep-

---

**2.** Nor did the employer take advantage of any of the several statutory methods available to directly attack the Commission's decision. 39 M.R.S.A. § 99–C (petition to reopen within 30 days on the grounds of newly discovered evidence). 39 M.R.S.A. § 102 (petition for reopening for mistake of fact or fraud).

tions and qualifications, as a judgment of a court.

(2) An adjudicative determination by an administrative tribunal is conclusive under the rules of res judicata only insofar as the proceeding resulting in the determination entailed the essential elements of adjudication, including: ...

(3) An adjudicative determination of a claim by an administrative tribunal does not preclude relitigation in another tribunal of the same or a related claim based on the same transaction if the scheme of remedies permits assertion of the second claim notwithstanding the adjudication of the first claim.

(4) An adjudicative determination of an issue by an administrative tribunal does not preclude relitigation of that issue in another tribunal if according preclusive effect to determination of the issue would be incompatible with a legislative policy that: (a) The determination of the tribunal adjudicating the issue is not to be accorded conclusive effect in subsequent proceedings; or (b) The tribunal in which the issue subsequently arises be free to make an independent determination of the issue in question.

Nowhere does Northeastern argue that the proceeding of the Commission did not entail the essential elements of adjudication, that the scheme of remedies permits assertion of the second claim, that giving res judicata effect to the Commission's decision would be incompatible with any legislative policy, or that any exception to the doctrine of res judicata applies. Thus, the decision of the Commission will have res judicata effect if it is "valid" and "final." [3] Northeastern does not dispute the finality of the Commission's decision.

■■■■ The "validity" of a judgment depends upon whether a tribunal has subject matter jurisdiction and territorial jurisdiction and whether adequate notice has been afforded to a party. Restatement (Second) on Judgments §§ 1–12 (1982). Section 12 indicates when a party, in a subsequent proceeding, can litigate the question of the original tribunal's subject matter jurisdiction.[4] We find that "[t]he subject matter of the action was [not] so plainly beyond the [Commission's] jurisdiction that its entertaining the action was a manifest abuse of authority[,]" id. at § 12(1), and thus we find no reason to question that the Commission had subject matter jurisdiction over the action. Additionally, Northeastern cites neither statutory authority nor a provision of the Restatement which would support a finding that the Commission's decision is "invalid." We find that the Commission's decision is "valid" and is entitled to res judicata effect.

Finally, there was no indication in the record that Northeastern was prevented in any way from appealing the Commission's 1986 decision. Instead, Northeastern chose to wait seven years before attempting to invali-

---

3. *See Restatement (Second) of Judgments* § 83, comment d, illustration # 2 at 272 (1982) stating:

"C performs occasional maintenance work at various premises. In the course of such work on premises owned by D, C is injured and seeks compensation before the Workers' Compensation Commission. D refuses to appear. Under applicable law, the Commission has authority to award compensation only to persons who are injured in the course of "employment," which is construed to exclude independent contractors. *The Commission has authority to award compensation according to a statutory formula that does not permit punitive damages. The Commission gives C an award that includes punitive damages. Whether the award will be given preclusive effect with regard to C's status or the inclusion of punitive damages is determined by § 12* [dealing with subject matter jurisdiction]."
(emphasis added).

4. *Restatement (Second) on Judgments* § 12 states:

When a court has rendered a judgment in a contested action, the judgment precludes the parties from litigating the question of the court's subject matter jurisdiction in subsequent litigation except if:

(1) The subject matter of the action was so plainly beyond the court's jurisdiction that its entertaining the action was a manifest abuse of authority; or

(2) Allowing the judgment to stand would substantially infringe the authority of another tribunal or agency of government; or

(3) The judgment was rendered by a court lacking capability to make an adequately informed determination of a question concerning its own jurisdiction and as a matter of procedural fairness the party seeking to avoid the judgment should have opportunity belatedly to attack the court's subject matter jurisdiction.

date the 1986 decree. Moreover, Northeastern cites no statutory authority for the action of the Board.

The entry is:

Decision of the Worker's Compensation Board vacated.

All concurring.