Jay A. VAN HOUTEN

v.

HARCO CONSTRUCTION, INC.

and

Continental Insurance Company.

Supreme Judicial Court of Maine.

Argued Jan. 4, 1995.
Decided Feb. 27, 1995.

Douglas S. Kaplan (orally), Kaplan & Grant, Portland, for employee.

Alison A. Denham (orally), Douglas, Whiting, Denham & Rogers, Portland, for employer.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

Jay A. Van Houten appeals from the decision of the Workers' Compensation Board denying his petition for payment of medical expenses based on its finding that his claimed back injury was not work related. We agree with Van Houten's contention that the factual determination of a Massachusetts administrative court that on October 2, 1986, Van Houten suffered a work-related back injury barred his employer, Harco Construction, from relitigating that issue in the present proceeding before the Board. Accordingly, we vacate the decision of the Board.

The record reflects the following undisputed facts: Van Houten, a Maine resident, suffered a work-related injury in Massachusetts on October 2, 1986. G.H. Harnum, Inc., (Harnum) accepted liability as his employer under the Massachusetts workers' compensation law and voluntarily paid total incapacity benefits. Harnum subsequently filed a complaint for discontinuance and, in 1990, a Massachusetts administrative court ordered a discontinuance of total incapacity benefits and a continuance of partial incapacity benefits in the amount of $240 per week. See Mass.Ann.Laws ch. 152, §§ 34, 35 (Law Coop.1989). The administrative court noted that "[I]t is undisputed that Mr. Van Houten injured his leg in the accident.... what is in dispute is whether this employee also sustained back injury." The court concluded that "Mr. Van Houten injured his left leg *and his back* in the industrial accident of October 2, 1986." (Emphasis added).

In 1991, Van Houten filed a petition for award pursuant to Maine's Workers' Compensation Act. The parties entered into consent decrees issued by the Commission in 1992, granting Van Houten's petition for award and awarding continuing partial incapacity benefits with an offset for payments made pursuant to the Massachusetts decision. The first consent decree provided:

G.H. Harnum, Inc. and Harco Construction, Inc. are corporations organized under the laws of the Commonwealth of Massachusetts. On October 2, 1986, both corporations were wholly owned by the Harnum family and run by Gordon L. Harnum.... On October 2, 1986, both G.H. Harnum, Inc. and Harco Construction, Inc. were insured under one workers' compensation insurance policy issued by Continental Insurance Company.... On October 2, 1986, Jay A. Van Houten sustained a personal injury arising out of and in the course of his employment with Harco Construction, Inc. The Commission specifically makes no finding as to whether, at the time of his injury, Mr. Van Houten was also an employee of G.H. Harnum, Inc.

The consent decree was amended to provide that

[t]he parties have agreed to treat the Petition for Award of Compensation against G.H. Harnum, Inc. as a Petition for Award against Harco Construction, Inc. The Employee specifically waives any rights that he may have as an employee of G.H. Harnum, Inc. under the Maine Workers' Compensation Act.

In 1992, Van Houten filed a petition against Harco to fix the payment of $3960.00 for psychological treatment related to his chronic back pain. In 1993, the Board denied Van Houten's petition for payment, finding that the medical records did not corroborate Van Houten's claim that he had injured his back on October 2, 1986, and accordingly, Van Houten's back condition was not related to his injury of that date. The Board rejected Van Houten's argument, *inter alia,* that Harco was collaterally estopped from relitigating causation by the prior Massachusetts decision, ruling that

> Maine Law is applicable on the issue of the description of the injury, and the Massachusetts decision is not binding on the Board on that issue, nor is a Massachusetts decision res judicata on that issue. Additionally, res judicata is also inapplicable because the parties in the Massachusetts Decision are dissimilar to the parties before the Board.

Van Houten's motion for findings of fact was denied in June 1994. We granted Van Houten's petition for review pursuant to 39–A M.R.S.A. § 322 (Supp.1994).

■ Van Houten contends that collateral estoppel bars the relitigation of issues of fact decided by the Massachusetts administrative court and therefore it was error for the Board to independently determine that he did not suffer a work-related back injury on October 2, 1986. While we defer to the Board's interpretation of the Workers' Compensation Act, the issue of whether administrative factual findings of a sister state are entitled to collateral estoppel does not involve an interpretation of the Act nor does it fall within the Board's traditional area of expertise, and we therefore conduct an independent review of the Board's decision. *LeBlanc v. United Eng'rs & Constructors, Inc.,* 584 A.2d 675, 677 (Me.1991).

■ We have held that "[t]he purpose of collateral estoppel is to prevent harassing and repetitious litigation, to avoid inconsistent holdings which lead to further litigation, and to give sanctity and finality to judgments." *Hossler v. Barry,* 403 A.2d 762, 767 (Me.1979). Consistent with this policy, we

have previously stated that collateral estoppel applies to factual determinations made in connection with an employee's claim pursuant to the Act. *Crawford v. Allied Container Corp.,* 561 A.2d 1027, 1028–29 (Me.1989); *see generally* 3A. Larson, *The Law of Workmen's Compensation,* § 79.72 (1993); Restatement (Second) of Judgments § 81 (1982). *See also Thomas v. Washington Gas Light Co.,* 448 U.S. 261, 280–81, 100 S.Ct. 2647, 2661, 65 L.Ed.2d 757 (1980) ("To be sure, ... the factfindings of state administrative tribunals are entitled to the same res judicata effect in the second State as findings by a court"); *Univ. of Tenn. v. Elliott,* 478 U.S. 788, 796, 106 S.Ct. 3220, 3225, 92 L.Ed.2d 635 (1986). In general, we permit the use of offensive collateral estoppel "on a case-by-case basis if it serves the interests of justice" and we "require that the identical issue was determined by a prior final judgment, and that the party estopped had a fair opportunity and incentive to litigate the issue in the prior proceeding." *Mutual Fire Ins. v. Richardson,* 640 A.2d 205, 208 (Me.1994) (quoting *State Mut. Ins. Co. v. Bragg,* 589 A.2d 35, 37 (Me.1991)).

■ Harco contends that it should not be estopped in the present proceeding from litigating the nature of Van Houten's work injury because it was not a party or a privy to a party in the Massachusetts proceeding. We disagree. The parties, *inter alia,* stipulated in the consent decrees that, at the time of injury, Harco and Harnum had identical ownership and management and that both were insured by the same workers' compensation policy. The only difference between the two corporations suggested in the record is that Harnum employs union workers and Harco does not. Based on the consent decrees, Van Houten has established a sufficient identity of ownership, control and interest in the proceeding to meet his burden of privity for the purposes of collateral estoppel. *Spickler v. Dube,* 644 A.2d 465, 468 (Me.1994); *Northeast Harbor Golf Club, Inc. v. Town of Mount Desert,* 618 A.2d 225, 227 (Me.1992); *Spickler v. Flynn,* 494 A.2d 1369, 1373 (Me. 1985).

■ As the party resisting collateral estoppel, Harco bears the burden of establish-

**334**

ing that it is prejudiced by the application of estoppel in the present proceeding. *Hossler*, 403 A.2d at 769. In determining whether a party has been prejudiced, we have recognized several factors relevant to the analysis of whether that party had a full and fair opportunity to litigate an issue in a prior proceeding:

> the size of the claim, ... the forum of the prior litigation, ... whether the issue was a factual or a legal one, ... the foreseeability of future suits, ... the extent of the previous litigation, ... the availability of new evidence, ... the experience of counsel, ... indications of a compromise verdict, ... procedural opportunities available in the second suit that were unavailable in the first.

*Id.* (citations omitted). Here, Harco failed to meet its burden of establishing that it was prejudiced in the Massachusetts proceeding. Because Harco stipulated in the consent decrees that it was Van Houten's employer at the time of the injury and that the petition against Harnum may be treated as a petition against Harco, it is not unfair to apply collateral estoppel to bar Harco from relitigating factual issues decided in the prior proceeding against Harnum. *See Crawford*, 561 A.2d at 1028–29.

 Harco contends that the issue of whether Van Houten suffered a work-related back injury was not essential to the Massachusetts decision and therefore is not an appropriate subject for collateral estoppel. *Morton v. Schneider*, 612 A.2d 1285, 1286–87 (Me.1992). Specifically, Harco argues that because the parties stipulated that Van Houten suffered a work-related leg injury, the only issue in the Massachusetts proceeding was the extent of Van Houten's loss of earning capacity based on his condition as a whole and does not require a finding that Van Houten's back injury was also work related. We reject this contention. The administrative court specifically noted that "[i]t is undisputed that Mr. Van Houten injured his leg in the accident ..., what is in dispute is whether this employee also sustained back injury." The court also found that Van Houten's "leg still produces pain but ... his back is now the primary problem." These

statements, and the decision as a whole, suggest that not only was the causation issue essential to the prior proceeding, but it may indeed have been the *only* issue in dispute. Because Van Houten claimed his incapacity resulted from both back and leg injury, it was essential the administrative court determine whether the claimed back injury was work related.

Because the issue of whether Van Houten suffered a work-related back injury was fully litigated in the prior Massachusetts administrative court proceeding, we conclude that Harco is collaterally estopped from relitigating the issue before the Board. Accordingly, we vacate the decision of the Board and remand for further proceedings consistent with this opinion.

The entry is:

The decision of the Workers' Compensation Board is vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.