98 F.3d 1333
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Martin James MALONEY, Debtor, Appellant,
v.
Sara CONVERSE, f/k/a Sara Maloney and Gerard Kelley, Appellees.
 No. 96-1151.
 United States Court of Appeals, First Circuit.
 Oct. 11, 1996.
 
 Martin J. Maloney on brief pro se.
 Richard S. Emerson, Jr. and Childs, Emerson, Rundlett, Fifield & Childs on brief for appellee Sara Converse.
 D.Me.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, BOUDIN and LYNCH, Circuit Judges.
 
 
 1
 Pro se debtor Martin James Maloney appeals a district court order that affirmed a bankruptcy court decision which held that a $400,000 civil judgment against Maloney was not dischargeable under 11 U.S.C. § 523(a)(6).[1] We affirm.
 
 
 2
 The record discloses that after a bench trial, a Maine superior court awarded the foregoing judgment to Maloney's ex-wife, appellee Sara Converse, in a civil action for assault and intentional infliction of emotional distress. The bankruptcy court concluded that the Maine superior court decision underlying the civil judgment collaterally estopped Maloney from relitigating whether his conduct in assaulting appellee after murdering her male companion was "willful and malicious" within the meaning of § 523(a)(6).[2] The superior court issued a four page decision which detailed its findings of fact and conclusions of law, which we will not recount here. For our purposes it is sufficient to note that the superior court specifically found that Maloney had committed a "vicious assault" that was "unmistakably calculated to cause great anguish" to appellee and that Maloney had spared appellee's life in order to witness her anguish at the death of her companion.[3]
 
 
 3
 Under both Maine and federal law, collateral estoppel will bar a litigant from relitigating an issue if, in a prior proceeding, the issue was: (1) actually litigated, (2) determined by a valid, final judgment, and (3) the determination is essential to the judgment. See Grogan v. Garner, 498 U.S. 279, 284 (1991); Lundborg v. Phoenix Leasing, Inc., 91 F.3d 265, 271 (1st Cir.1996); Sevigny v. Home Builders Assoc. of Maine, 429 A.2d 197, 201-02 (Me.1981).[4] We have no trouble concluding that the superior court's findings established that Maloney's conduct was deliberate, intentional, and therefore "willful" within the meaning of § 523(a)(6). See 3 Collier on Bankruptcy, p 523.16, at 523-12 (citing H.R.Rep. No. 595, 95th Cong., 1st Sess. 363 (1977); S.Rep. No. 989, 95th Cong.2d Sess. 77-79 (1978)). These findings also establish that Maloney harbored a specific intent to injure appellee, therefore his conduct was "malicious" under either the implied malice test that this court has applied in the past, see In re Nance, 556 F.2d 602, 611 (1st Cir.1977), or the specific and other malice tests more recently employed by other courts, see Piccuto v. Dwyer, 39 F.3d 37, 41 & n. 3 (1st Cir.1994)(collecting cases). As the superior court's decision established that Maloney's conduct was "willful and malicious" within the meaning of § 523(a)(6) and that the other prerequisites for applying collateral estoppel are present, the bankruptcy court properly held that Maloney is barred from relitigating these issues now.
 
 
 4
 On appeal, Maloney argues that the bankruptcy court erred by applying collateral estoppel without first reviewing the transcript of his state trial. He contends that the transcript would show that the issues of willfulness and maliciousness were not fully and fairly litigated in state court because his defense attorney failed to present an adequate defense.[5] As Maloney did not assert this particular objection in the bankruptcy court, it is not properly before us. See In re Menna, 16 F.3d 7, 9 n. 2 (1st Cir.1994). Even if it were, Maloney would not prevail, for it was his burden to produce the transcript as the party resisting collateral estoppel. See Van Houten v. Harco Const., Inc., 655 A.2d 331, 333-34 (Me.1995); Hossler v. Barry, 403 A.2d 762, 769 (Me.1979)(party resisting collateral estoppel has burden of proving prejudice). As Maloney failed to submit the transcript (indeed, the record suggests that he did not attempt to secure it until after judgment was entered), he failed to meet his burden of proof, and the entry of summary judgment for appellee was proper. See In re Menna, 16 F.3d at 9 (" '[a]s to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party' "(citations omitted)).[6]
 
 
 5
 Maloney also claims that the bankruptcy court denied him the right to submit the transcript by issuing its ruling before the 60-day discovery period that had been set by a pretrial scheduling order had expired. The point is meritless, for the record discloses that the discovery period expired on the day that the bankruptcy court issued its decision. Moreover, this claim has also been waived, for Maloney did not protest that he required further time to complete discovery during the hearing on appellee's motion for summary judgment. See In re Cress, 106 B.R. 246, 248 (D.Kan.1989), aff'd, 930 F.2d 32 (10th Cir.1991)(TABLE)(debtors' failure to seek continuance of summary judgment proceedings until further discovery was completed barred debtors from complaining about incomplete discovery on appeal). As both of Maloney's arguments on appeal are meritless and the application of collateral estoppel otherwise appears proper, the judgment of the district court is affirmed.
 
 
 
 [1]
 11 U.S.C. § 523(a)(6) bars a debtor from obtaining a discharge of any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."
 
 
 [2]
 Maloney is presently serving a 30-year sentence for murder and aggravated assault as a result of the events that gave rise to the civil tort judgment
 
 
 [3]
 In addition, the superior court concluded that "there could not be a clearer case of intentional infliction of emotional distress."
 
 
 [4]
 We recognize that authority indicates that, "[w]here the issue previously litigated was litigated under state law, a bankruptcy court will apply the law of collateral estoppel of the relevant state." See 3 Roy Babitt, et al., Collier on Bankruptcy, p 523.05D, at 523-20 (Lawrence King ed., 15th ed.1996)(collecting cases); In re McNallen, 62 F.3d 619, 624 (4th Cir.1995). But see Wood v. Dealers Financial Services, --- B.R. ----, No. 95-40447, 1996 WESTLAW 434430 (E.D.Mich. July 31, 1996)(stating contrary view). As the principles of collateral estoppel are the same under Maine law and federal law, we need not decide which controls
 
 
 [5]
 Maloney specifically complains that his attorney waived his right to trial by jury without his knowledge or consent and failed to present evidence, which Maloney does not describe
 
 
 [6]
 We note that in the context of cases in which the precise grounds of a prior state court judgment were unclear, some circuits have required bankruptcy courts to review the entire record of the state trial before applying collateral estoppel. See, e.g., Wheeler v. Laudani, 783 F.2d 610, 615 (6th Cir.1986); Spilman v. Harley, 656 F.2d 224, 228 (6th Cir.1981); Matter of Ross, 602 F.2d 604, 605-08 & n. 10 (3d Cir.1979). We do not think that such review is invariably required where, as here, the portion of the record submitted by the appellee makes out a prima facie case for applying collateral estoppel. Cf. Combs v. Richardson, 838 F.2d 112, 113-17 (4th Cir.1988)(applying collateral estoppel based on review of jury instructions and verdict). Moreover, review of the transcript was not necessary because even if Maloney's assertion that defense counsel was inadequate is true, "the general rule is that 'ignorance or carelessness of an attorney' does not provide a basis for relief from the effects of an adverse civil judgment." In re Braen, 900 F.2d 621, 629 (3d Cir.1990) (citation omitted), cert. denied, 498 U.S. 1066 (1991)