USCA1 Opinion

 

 October 11, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1151 MARTIN JAMES MALONEY, DEBTOR, Appellant, v. SARA CONVERSE, f/k/a SARA MALONEY AND GERARD KELLEY, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Lynch, Circuit Judges. ______________ ____________________ Martin J. Maloney on brief pro se. _________________ Richard S. Emerson, Jr. and Childs, Emerson, Rundlett, Fifield & ________________________ ____________________________________ Childs on brief for appellee Sara Converse. ______ ____________________ ____________________ Per Curiam. Pro se debtor Martin James Maloney appeals __________ ___ __ a district court order that affirmed a bankruptcy court decision which held that a $400,000 civil judgment against Maloney was not dischargeable under 11 U.S.C. 523(a)(6).1 1 We affirm. The record discloses that after a bench trial, a Maine superior court awarded the foregoing judgment to Maloney's ex-wife, appellee Sara Converse, in a civil action for assault and intentional infliction of emotional distress. The bankruptcy court concluded that the Maine superior court decision underlying the civil judgment collaterally estopped Maloney from relitigating whether his conduct in assaulting appellee after murdering her male companion was "willful and malicious" within the meaning of 523(a)(6).2 The superior 2 court issued a four page decision which detailed its findings of fact and conclusions of law, which we will not recount here. For our purposes it is sufficient to note that the superior court specifically found that Maloney had committed a "vicious assault" that was "unmistakably calculated to cause great anguish" to appellee and that Maloney had spared  ____________________ 111 U.S.C. 523(a)(6) bars a debtor from obtaining a 1 discharge of any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 2Maloney is presently serving a 30-year sentence for 2 murder and aggravated assault as a result of the events that gave rise to the civil tort judgment. -2- appellee's life in order to witness her anguish at the death of her companion.3 3 Under both Maine and federal law, collateral estoppel will bar a litigant from relitigating an issue if, in a prior proceeding, the issue was: (1) actually litigated, (2) determined by a valid, final judgment, and (3) the determination is essential to the judgment. See Grogan v. ___ ______ Garner, 498 U.S. 279, 284 (1991); Lundborg v. Phoenix ______ ________ _______ Leasing, Inc., 91 F.3d 265, 271 (1st Cir. 1996); Sevigny v. _____________ _______ Home Builders Assoc. of Maine, 429 A.2d 197, 201-02 (Me. ________________________________ 1981).4 We have no trouble concluding that the superior 4 court's findings established that Maloney's conduct was deliberate, intentional, and therefore "willful" within the meaning of 523(a)(6). See 3 Collier on Bankruptcy, ___ _______________________ 523.16[1], at 523-12 (citing H. R. Rep. No. 595, 95th Cong., 1st Sess. 363 (1977); S. Rep. No. 989, 95th Cong. 2d Sess. 77-79 (1978)). These findings also establish that Maloney  ____________________ 3In addition, the superior court concluded that "there 3 could not be a clearer case of intentional infliction of emotional distress."  4We recognize that authority indicates that, "[w]here the 4 issue previously litigated was litigated under state law, a bankruptcy court will apply the law of collateral estoppel of the relevant state." See 3 Roy Babitt, et al., Collier on ___ ___________ Bankruptcy, 523.05D, at 523-20 (Lawrence King ed., 15th ed. __________ 1996)(collecting cases); In re McNallen, 62 F.3d 619, 624 _______________ (4th Cir. 1995). But see Wood v. Dealers Financial Services, ___ ___ ____ __________________________ ___ B.R. ___, No. 95-40447, 1996 WESTLAW 434430 (E.D. Mich. July 31, 1996)(stating contrary view). As the principles of collateral estoppel are the same under Maine law and federal law, we need not decide which controls.  -3- harbored a specific intent to injure appellee, therefore his conduct was "malicious" under either the implied malice test that this court has applied in the past, see In re Nance, 556 ___ ___________ F.2d 602, 611 (1st Cir. 1977), or the specific and other malice tests more recently employed by other courts, see ___ Piccuto v. Dwyer, 39 F.3d 37, 41 & n. 3 (1st Cir. _______ _____ 1994)(collecting cases). As the superior court's decision established that Maloney's conduct was "willful and malicious" within the meaning of 523(a)(6) and that the other prerequisites for applying collateral estoppel are present, the bankruptcy court properly held that Maloney is barred from relitigating these issues now. On appeal, Maloney argues that the bankruptcy court erred by applying collateral estoppel without first reviewing the transcript of his state trial. He contends that the transcript would show that the issues of willfulness and maliciousness were not fully and fairly litigated in state court because his defense attorney failed to present an adequate defense.5 As Maloney did not assert this particular 5 objection in the bankruptcy court, it is not properly before us. See In re Menna, 16 F.3d 7, 9 n.2 (1st Cir. 1994). Even ___ ___________ if it were, Maloney would not prevail, for it was his burden  ____________________ 5Maloney specifically complains that his attorney waived 5 his right to trial by jury without his knowledge or consent and failed to present evidence, which Maloney does not describe.  -4- to produce the transcript as the party resisting collateral estoppel. See Van Houten v. Harco Const., Inc., 655 A.2d 331, ___ __________ __________________ 333-34 (Me. 1995); Hossler v. Barry, 403 A.2d 762, 769 (Me. _______ _____ 1979)(party resisting collateral estoppel has burden of proving prejudice). As Maloney failed to submit the transcript (indeed, the record suggests that he did not attempt to secure it until after judgment was entered), he failed to meet his burden of proof, and the entry of summary judgment for appellee was proper. See In re Menna, 16 F.3d at ___ ___________ 9 ("'[a]s to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party'"(citations omitted)).6 Maloney also claims 6  ____________________ 6We note that in the context of cases in which the precise 6 grounds of a prior state court judgment were unclear, some circuits have required bankruptcy courts to review the entire record of the state trial before applying collateral estoppel. See, e.g., Wheeler v. Laudani, 783 F.2d 610, 615 ___ ____ _______ _______ (6th Cir. 1986); Spilman v. Harley, 656 F.2d 224, 228 (6th _______ ______ Cir. 1981); Matter of Ross, 602 F.2d 604, 605-08 & n. 10 (3d ______________ Cir. 1979). We do not think that such review is invariably required where, as here, the portion of the record submitted by the appellee makes out a prima facie case for applying collateral estoppel. Cf. Combs v. Richardson, 838 F.2d 112, ___ _____ __________ 113-17 (4th Cir. 1988)(applying collateral estoppel based on review of jury instructions and verdict). Moreover, review of the transcript was not necessary because even if Maloney's assertion that defense counsel was inadequate is true, "the general rule is that 'ignorance or carelessness of an attorney' does not provide a basis for relief from the effects of an adverse civil judgment." In re Braen, 900 F.2d ___________ 621, 629 (3d Cir. 1990) (citation omitted), cert. denied, 498 _____ ______ U.S. 1066 (1991).  -5- that the bankruptcy court denied him the right to submit the transcript by issuing its ruling before the 60-day discovery period that had been set by a pretrial scheduling order had expired. The point is meritless, for the record discloses that the discovery period expired on the day that the bankruptcy court issued its decision. Moreover, this claim has also been waived, for Maloney did not protest that he required further time to complete discovery during the hearing on appellee's motion for summary judgment. See In re ___ _____ Cress, 106 B.R. 246, 248 (D. Kan. 1989), aff'd, 930 F.2d 32 _____ _____ (10th Cir. 1991)(TABLE)(debtors' failure to seek continuance of summary judgment proceedings until further discovery was completed barred debtors from complaining about incomplete discovery on appeal). As both of Maloney's arguments on appeal are meritless and the application of collateral estoppel otherwise appears proper, the judgment of the district court is affirmed. ________ -6-