2002 ME 177

**STATE of Maine**

v.

**Stephen SMITH**

Supreme Judicial Court of Maine.

Submitted On Briefs: Nov. 26, 2002.
Decided: Dec. 23, 2002.

G. Steven Rowe, Attorney General, William Baghdoyan, Asst. Attorney General, Charles K. Leadbetter, State Solicitor, Augusta, for State.

Jeffrey D. Silverstein, Esq., Billings & Silverstein, Bangor, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

DANA, J.

[¶ 1] Stephen Smith, having previously had his lobster, elver, and scallop licenses suspended for failing to file State of Maine income tax returns, appeals from a judgment entered in the Superior Court (Hancock County, *Mead, J.*) denying his motion to dismiss on double jeopardy grounds four complaints charging Smith with failing to file tax returns for the years 1994 through 1997 in violation of 36 M.R.S.A. § 5332 (1990).[1] We affirm the judgment.

[¶ 2] The double jeopardy provisions of the Maine and United States constitutions are coextensive and protect a defendant in a criminal matter, *inter alia,* from multiple *punishments* for the same offense. *State v. Sterling,* 685 A.2d 432, 434 (Me.1996). Smith does not dispute that the Legislature intended the withholding of licenses in response to a taxpayer's non-compliance with tax laws to be a civil remedy.[2] He does argue, however, that the statute is so punitive in its effect that it transforms this provision into a criminal penalty. *See Hudson v. United States,* 522 U.S. 93, 99–100, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997); *but see State v. Haskell,* 2001 ME 154, ¶¶ 13–22, 784 A.2d 4, 10–16. We disagree.

[¶ 3] The purpose of denying Smith's licenses was to induce his compliance with Maine tax laws, not to punish him. *See Grant v. City of Chicago,* 594 F.Supp. 1441, 1451–52 (N.D.Ill.1984) (purpose of "booting" ordinance is non-punitive because City of Chicago was merely attempting to compel parking ordinance violators to respond to outstanding tickets). Because he has the ability to lift the sanction by complying with his obligations, the sanction is a civil remedy not a criminal punishment. *See State v. Vickers,* 309 A.2d 324, 328 (Me.1973) (in contradistinction from a criminal contempt punishment, an essential element of a civil contempt

---

1. The Superior Court's judgment denying dismissal on double jeopardy grounds is immediately appealable under an exception to the final judgment rule. *State v. Nielsen,* 2000 ME 202, ¶ 1 n. 1, 761 A.2d 876, 878.

2. Title 36 M.R.S.A. § 175 provides for the withholding of a professional, trade, or business license when a person fails to fulfill his State tax obligations. 36 M.R.S.A. § 175(3) (Supp.2001). The proscription continues only until the person produces a certificate of good standing issued by the State Tax Assessor. *Id.* § 175(4).

sanction is the opportunity for the contemner to purge himself of his contempt). Because the withholding of Smith's fishing licenses was not punishment, he can be prosecuted and punished for failing to file his tax returns; therefore, the denial of his motion to dismiss was proper. *See State v. Millett,* 669 A.2d 754, 756 (Me.1996).

The entry is:

Judgment affirmed.