2004 ME 141

**STATE of Maine**

v.

**Terence J. HUGHES.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 5, 2004.

Decided: Nov. 15, 2004.

R. Christopher Almy, District Attorney, C. Daniel Wood, Asst. Dist. Attorney, Bangor, for State.

Terence J. Hughes, Orono, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

RUDMAN, J.

[¶ 1] Terence J. Hughes appeals from a judgment of conviction entered in the District Court (Bangor, *Gunther, J.*) after the court found him guilty of assault (Class D), 17–A M.R.S.A. § 207 (Supp.2003). Hughes contends, inter alia, that the doctrines of double jeopardy and collateral estoppel should have precluded him from being tried for assault subsequent to his prevailing in a protection from harassment proceeding. Hughes further asserts that the evidence was insufficient to support his conviction of assault.[1] We disagree and affirm the judgment.

---

1. Hughes made several additional arguments based upon evidentiary rulings that do not merit discussion here.

## I. BACKGROUND

[¶ 2] An incident occurring on May 18, 2003, near the St. John's Catholic Church in Bangor gave rise to these proceedings. An individual involved in that incident sought a protection from harassment order against Hughes, pursuant to 5 M.R.S.A. § 4651 (2002 & Supp.2003), alleging that Hughes had pushed her. Hughes prevailed at the protection from harassment hearing before the District Court (*Russell, J.*). Following the court's denial of the protection from harassment petition, Hughes was charged with two counts of assault and one count of disorderly conduct based upon the same underlying facts. Hughes was convicted of assaulting the individual who was denied a protection from harassment order. Hughes was acquitted of the other charges.

### A. Double Jeopardy

[¶ 3] The double jeopardy provisions of both the United States and Maine Constitutions are co-extensive.[2] Both Constitutions protect a criminal defendant from multiple punishments for the same offense. *State v. Smith*, 2002 ME 177, ¶ 2, 816 A.2d 57, 58. However, both proceedings need to have involved the potential for a criminal punishment. *Id.* ¶¶ 2–3, 816 A.2d at 58. In *State v. Anton*, 463 A.2d 703, 705–06 (Me.1983), we held:

> Whether an offense defined by statute is civil or criminal is primarily a matter of statutory construction.... The statutory scheme must be analyzed to determine whether it is so punitive either in purpose or effect as to negate that intention with regard to the constitutional protection at issue.

*Id.* (Citations and quotation marks omitted).

[¶ 4] A criminal sanction serves to punish while a civil sanction serves only to coerce, regulate, or compensate. *Cooke v. Naylor*, 573 A.2d 376, 377 (Me.1990) (citing *Anton*, 463 A.2d at 705–06). The sanctions available under our protection from harassment statute are equitable in nature because they simply enjoin a defendant from engaging in certain conduct. 5 M.R.S.A. § 4651 (2002 & Supp.2003). An equitable available sanction is civil in nature rather than criminal. *Cooke*, 573 A.2d at 377–78. The protection from harassment petition could have resulted only in a civil sanction and not in a criminal sanction. Hughes was never placed in jeopardy by the protection from harassment proceedings.

### B. Collateral Estoppel

[¶ 5] The doctrine of collateral estoppel is embodied in the Constitution's Fifth Amendment guarantee against double jeopardy. *State v. Spearin*, 463 A.2d 727, 730 (Me.1983) (citing *Ashe v. Swenson*, 397 U.S. 436, 445, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970)). Collateral estoppel applies when (1) the identical factual issue was decided by a prior final judgment, and (2) the party to be estopped had an opportunity and an incentive to litigate the issue at the prior proceeding.

> Collateral estoppel, or issue preclusion, is the prong of res judicata that "prevents the relitigation of factual issues already decided 'if the identical issue was determined by a prior final judgment, and ... the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding.'"

*Cline v. Maine Coast Nordic*, 1999 ME 72, ¶ 9, 728 A.2d 686, 688 (quoting *Perry v.*

**2.** U.S. Const. amend. V. ("[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb ...."). Me. Const. art. I, § 8 ("No person, for the same offense, shall be twice put in jeopardy of life or limb.").

*H.O. Perry & Son Co.*, 1998 ME 131, ¶ 6, 711 A.2d 1303, 1305). A party has a *fair opportunity* to litigate an issue if that party either controls the litigation, substantially participates in that litigation, or could have participated in the litigation had they chosen to do so. *Tungate v. Gardner*, 2002 ME 85, ¶¶ 5–6, 797 A.2d 738, 740–41; *Normand v. Baxter State Park Auth.*, 509 A.2d 640, 645 n. 15 (Me. 1986); *Spickler v. Flynn*, 494 A.2d 1369, 1373 (Me.1985); RESTATEMENT (SECOND) OF JUDGMENTS §§ 37–39 (1982).

[¶ 6] The party who asserts collateral estoppel bears the burden of establishing that the party to be estopped had a fair opportunity to litigate the issue in the prior proceeding. *Van Houten v. Harco Constr., Inc.*, 655 A.2d 331, 333–34 (Me. 1995). Hughes has not met the burden of establishing the State was a party or substantially participated in the protection from harassment proceeding. Hughes suggests that both the State and the petitioner in the prior proceeding shared an interest in establishing that he assaulted the petitioner, but that alone is not enough. While the State may have been interested in the subject matter of the prior proceeding, Hughes has not demonstrated that the State had the right to participate in the prior proceeding, to control the proceedings, to adduce testimony, to cross-examine any of the witnesses, or appeal from the judgment of the court.

C. Adequacy of Record on Appeal

[¶ 7] When a challenge is made to the sufficiency of the evidence, the appellant bears the burden of providing the reviewing court with a record that allows adequate consideration of the arguments on appeal. *State v. Butler*, 627 A.2d 530, 531 (Me.1993). "When the record made available to the Law Court to support an appeal is inadequate, such appeal must fail, and this applies in criminal appeals as it does on the civil side." *State v. Thwing*, 487 A.2d 260, 262 (Me.1985) (citing *State v. Lang*, 396 A.2d 1012, 1013 (Me.1979)). "When the record on appeal does not include a transcript of the proceedings below, we must assume that the transcript would support the trial court's findings of fact and its rulings on evidence and procedure." *State v. Nugent*, 2002 ME 111, ¶ 2, 801 A.2d 1001, 1002 (citing *Putnam v. Albee*, 1999 ME 44, ¶ 10, 726 A.2d 217, 220).

[¶ 8] Hughes argues there was insufficient evidence to support his conviction for assault. The transcript provided by Hughes in this case consists of the direct, redirect, and recross examinations of the arresting officer; the direct examination of a witness called by Hughes; the direct examination of Hughes; closing argument by defense counsel; and the court's findings. Hughes did not include any portions of the transcript that would have reflected the State's presentation of its case. The transcript provided here is inadequate to permit consideration of the sufficiency of the evidence. When the record is inadequate the appeal must fail.

[¶ 9] Hughes argues that M.R.App. P. 5(b)(2)(A), which contains the transcript requirements for a civil appeal, expressly requires that an appellant challenging the sufficiency of the evidence include in the record a complete transcript.[3] Hughes contends that M.R.App. P. 5(b)(1), which contains the transcript requirements for a criminal appeal, does not contain the same

3. "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion." M.R.App. P. 5(b)(2)(A).

express requirement and therefore an appellant does not need to submit a complete transcript in order to challenge the sufficiency of the evidence.

[¶ 10] Hughes is incorrect in his assertion that M.R.App. P. 5(b)(1) does not expressly require a criminal appellant to submit a complete transcript on appeal. It does.

*(b)(1) Transcript: Criminal Cases.* Except as otherwise designated, *the standard transcript on appeal shall include the testimony of the witnesses at trial,* any bench conferences and the charge to the jury.

M.R.App. P. 5(b)(1) (emphasis added).

[¶ 11] This rule goes on to provide that the appellant has some discretion in adding and deleting portions of this transcript.

Appellant's counsel *may* add portions to, or delete portions from, this standard transcript by utilizing the requisite Judicial Branch form. Appellant's counsel shall delete from the standard transcript any portion not necessary for purposes of the appeal.

M.R.App. P. 5(b)(1) (emphasis added).

[¶ 12] The manner in which an appellant chooses to exercise this discretion will significantly impact the likelihood of their appellate success. Our determination of the sufficiency of the evidence presented at trial will be based upon the record of evidence presented at trial, including the transcript of witness testimony. An appellant cannot bear his or her burden of persuasion without providing a transcript of *all* evidence relevant to the challenged finding. Hughes has not carried his burden of persuasion here because the record provided is inadequate to determine the sufficiency of the evidence.

The entry is:

Judgment affirmed.