STATE OF MAINE                                   SUPERIOR COURT
ANDROSCOGGIN, ss                                      Civil Action
                                    RECEIVED & FILED Docket No. CV-09-089
                                                  *TED -AND- 2/11*

ROBERT MONTGOMERY,                        FEB 11 2010

Plaintiff                           ANDROSCOGGIN
                                    SUPERIOR COURT

v.                                       **ORDER ON MOTION TO DISMISS**

SPINGLASS MANAGEMENT
GROUP, LLC,

Defendant

## I. BEFORE THE COURT

This matter comes before the court on defendant Spinglass Management Group

LLC's (Spinglass) motion to dismiss the complaint pursuant to M.R. Civ. P. 12(b)(6).

## II. FACTUAL BACKGROUND

This case arises from a prior lawsuit, Montgomery v. Cairns, Docket No. CV-04-

342, Superior Court, Cumberland County, between the current plaintiff, Robert

Montgomery ("Montgomery") and Kimberly Cairns ("Cairns"). The full facts of that

case are discussed in detail in the prior proceeding; therefore, this court only briefly

addresses them here.[1] The relevant allegations and facts may be briefly summarized as

follows: Montgomery and Cairns were involved in a personal and business relationship

beginning in 1999. In November 2000, they bought a winning megabucks ticket and

collected more than $2.1 million. With the proceeds they purchased and operated a

number of properties and businesses, including a daycare business.

---

[1] The plaintiff objects to the exhibits submitted by the defendant along with the motion to dismiss as inappropriate for consideration under Rule 12(b)(6). The court disagrees, and considers the court filings contained in exhibits A-F. See discussion below.

Montgomery and Cairns eventually ended their relationship, and litigation over the ownership of the Megabucks ticket and the businesses ensued. The court appointed a referee to handle the division of the daycare business.[2] In order to enhance the cooperation between the two parties in case of a sale, the referee provided that either party could request the appointment of a receiver.

In November 2007, on motion by both Montgomery and Cairns in the prior case, the Superior Court (Cole, J.) issued an Order granting a Motion for Enforcement and Appointment of Receiver, in which the court appointed defendant Spinglass Management Group, LLC ("Spinglass") as receiver for the daycare business. The Order also limited the receiver's liability exposure.[3]

The daycare business continued to operate under Spinglass's receivership for approximately one year.[4] In November 2008, Spinglass entered into a Purchase and Sale Agreement for the sale of the daycare business. Although Cairns responded by filing a limited objection to the verified motion, Montgomery did not respond or object.

In its Order, the court found that Spinglass's fees and the fees of its attorney were reasonable, and further "that the efforts of Spinglass were instrumental in bringing

---

[2] The referee provided the parties with different options to handle the division of the daycare business. Cairns was given the first option to purchase the business by paying Montgomery $511,574. If she did not exercise the option or was unable to obtain financing, Montgomery had the right to purchase the business by paying Cairns $554,816. In the event that neither Montgomery nor Cairns opted to purchase the daycare business, the parties were to sell the business in a reasonable manner. (Def.'s Motion to Dismiss, exhibit B.)

[3] The Order stated:
> The receiver shall not be liable for any action, in any capacity under this Order, taken or omitted in good faith and reasonably believed by it to be authorized within the discretion and rights or powers conferred upon it in accordance with this Order. In performing its duties under the Order, *receiver shall have no liability* for any action taken by it in any such capacity in good faith in accordance with the advice of counsel, accountants, appraisers and other professional retained by it, provided, however, that this shall not relieve it from any liability for any actions or omissions arising out of its *gross negligence, willful misconduct or knowing violation of the law.*

(Def's Motion to Dismiss, exhibit C at 5.) (emphasis added).

[4] During this time Spinglass retained a commercial broker to find a buyer, and also executed a limited guarantee in order to continue the daycare business. (Def's Motion to Dismiss, exhibit D.)

2

about the closing on the sale of the daycare business." (Def.'s Motion to Dismiss, exhibit F.)

Despite Montgomery's lack of objection to the sale of the daycare business and the findings in the court's Order, Montgomery claims that Spinglass breached their fiduciary duty, committed waste, and was grossly negligent in its handling of the daycare business. There is no dispute that the *Montgomery v. Cairns* case resulted in a final valid judgment. This court therefore must determine whether the allegations in the complaint adequately support the claims, and whether Montgomery is collaterally estopped from bringing his claim.

## III. PROCEDURAL HISTORY

Montgomery filed a four-count complaint against Spinglass and Pioneer Capital.[5] The remaining counts against Spinglass are: Breach of Fiduciary Duty (Count I); Waste (Count II); and Gross Negligence (Count III). Spinglass has responded with a Motion to Dismiss based on M.R.Civ.P. 12(b)(6), failure to state a claim on which he can obtain relief. He later filed an Amended Motion to Dismiss. Montgomery contests the motions.

## IV. DISCUSSION

### A. Standard of Review

A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. In determining whether a motion to dismiss should be granted, the court considers "the allegations in the complaint in relation to any cause of action that may reasonably be inferred from the complaint." *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830, 832. The facts alleged are treated as

---

[5] The parties signed a stipulation of dismissal regarding Pioneer. (Order on Consented to Motion to Dismiss Pioneer Capital Corporation, July 21, 2009.)

3

admitted, and they are viewed "in the light most favorable to the plaintiff." *Id.* Not all matters outside the pleadings change a motion to dismiss to a motion for summary judgment.[6] Exhibits to a complaint, court files, public documents, and other matters susceptible to judicial notice, and in some limited cases, other facts and documents as to which there is no question of authenticity, may be considered in the context of a Rule 12(b)(6) motion. *See Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 11, 843 A.2d 43, 47-48; M.R. Evid. 201. The court should dismiss a claim only "when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he [or she] might prove in support of his [or her] claim." *Id.* (quoting *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244, 1246).

Montgomery objects to Spinglass's inclusion of exhibits in the motion to dismiss as inappropriate for the purposes of Rule 12(b)(6). However, as stated above, courts may judicially notice certain documents when there is no question of authenticity. *See Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 11, 843 A.2d 43, 48; M.R. Evid. 201.

> The purpose for this exception is that if courts could not consider these documents, 'a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied.' . . . [T]he reason for the rule regarding converting motions to dismiss to motions for a summary judgment is to afford a plaintiff an opportunity to respond to new facts raised by the defendant. If a document is referenced in the complaint, is central to a plaintiff's claim, or is a public document, the plaintiff should have notice of the contents.

*Id.* ¶¶ 10-11, 843 A.2d at 48 (citing *Pension Benefit Guar. Corp. v. White Consolidated Indus. Inc.*, 998 F.2d 1192, 1196-97 (3d Circ. 1993)); *see also Finn v. Lipman*, 526 A.2d 1380, 1381 (Me. 1987) (notice taken of record of underlying divorce action in tort suit filed by

---

[6] M.R. Civ. P. 12(c) states: "If . . . matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and . . . all parties shall be given reasonable opportunity to present all material made pertinent to such a motion."

4

husband against wife's attorney).

In examining the attached exhibits to Spinglass's motion to dismiss, the court judicially notices the court files in Exhibits A-F. However, the court does not take judicial notice of Exhibit G, the letter from plaintiff's attorney to Pioneer Capital, as the facts contained therein cannot be deemed "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to source whose accuracy cannot reasonably be questioned." M.R. Evid. 201(b). As such, the letter is not considered for the purposes of this motion.

## B. Issue Preclusion

Spinglass has moved to dismiss on the basis that Montgomery failed to state a claim for which relief can be granted, and further that the claims are barred by the doctrine of issue preclusion. "The doctrine of res judicata prevents the relitigation of matters already decided . . . . It consists of two components: issue preclusion and claim preclusion." *Portland Water Dist. v. Town of Standish*, 2008 ME 23, ¶ 7, 940 A.2d 1097, 1099 (internal citations omitted). As claim preclusion is not appropriate here[7] the court examines whether issue preclusion bars Montgomery's claims.

Issue preclusion, also called collateral estoppel, bars relitigation of "factual issues, not claims, and asks whether a party had a fair opportunity and incentive in an

---

[7] Claim preclusion prevents relitigation if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action. To determine whether a claim is barred, [courts] apply a transactional test, examining the aggregate of connected operative facts that can be handled together conveniently for purposes of trial to determine if they were founded upon the same transaction, arose out of the same nucleus of operative facts, and sought redress for essentially the same basic wrong. Such a claim is precluded even if the second action relies on a legal theory not advanced in the first case, seeks different relief than that sought in the first case, or involves evidence different from the evidence relevant to the first case.

*Portland Water Dist. v. Town of Standish*, 2008 ME 23, ¶8, 940 A.2d 1097, 1099 (internal quotations and citations omitted). Unlike claim preclusion, issue preclusion does not necessarily require that the same parties or their privies be involved in each proceeding. *See Key Bank v. National Association v. Sargent*, 2000 ME 153, ¶ 28, 758 A.2d 528, 535-36.

5

earlier proceeding to present the same issue or issues it wishes to litigate again in a subsequent proceeding." *Macomber v. Macquinn-Tweedie*, 2003 ME 121, ¶22, 834 A.2d 131, 139; *see also In re* Kaleb D, 2001 ME 55, ¶ 7, 769 A.2d 179, 189. A party has a fair opportunity to litigate an issue if that party either controls the litigation, substantially participates in that litigation, or could have participated in the litigation had they chosen to do so. *State v. Hughes*, 2004 ME 141, ¶ 5, 863 A.2d 266, 269 (citing *Tungate v. Gardner*, 2002 ME 85, ¶¶ 5-6, 797 A.2d 738, 740-41; *Normand v. Baxter State Park Auth.*, 509 A.2d 640, 645 n.15 (Me. 1986); *Spickler v. Flynn*, 494 A.2d 1369, 1373 (Me. 1985); RESTATEMENT (SECOND) OF JUDGMENTS §§ 37-39 (1982)). The party who asserts collateral estoppel bears the burden of establishing that the party to be estopped had a fair opportunity to litigate the issue in the prior proceeding. *Hughes*, 2004 ME 141, ¶ 6, 863 A.2d at 269 (citing *Van Houten v. Harco Constr. Inc.*, 655 A.2d 331, 333-34 (Me. 1995)).

It is not sufficient that the issue might have been litigated, the party asserting collateral estoppel must show that the issue was "actually litigated" in the prior proceeding. *Macomber v. MacQuinn-Tweedie*, 2003 ME 121, ¶25, 834 A.2d 131, 140. "Actually litigated" does not mean that the issues had to have been contested in the prior action; issue preclusion extends to factual issues decided by consent or default, as long as the issue was actually determined. *See Butler v. Mooers*, 2001 ME 56, ¶ 8, 771 A.2d 1034, 1037. Generally, a court's findings of facts are applicable to the theory of issue preclusion. *See Cianchette v. Verrier*, 155 Me. 74, 95, 151 A.2d 502, 513 (1959).

## C. Montgomery's Claims

The court must determine whether Montgomery's claims survive the motion to dismiss by adequately alleging facts, viewed in a light most favorable to Montgomery, that entitle Montgomery to some form of relief. The court then determines whether the claims are barred by issue preclusion.

## 1. Breach of Fiduciary Duty and Waste Claims

Justice Cole's Order of November 30, 2007 states:

> The receiver shall not be liable for any action, in any capacity under this Order, taken or omitted in good faith and reasonably believed by it to be authorized within the discretion or rights or powers conferred upon it in accordance with this Order. In performing its duties under this Order, receiver shall have no liability for any action taken by it in any such capacity in good faith in accordance with the advice of counsel, accountants, appraisers and other professionals retained by it, provided, however, that this shall not relieve it from any liability for any actions or omissions arising out of its gross negligence, willful misconduct or knowing violation of law. None of the provisions of this Order shall require the receiver to expend or risk its own funds or otherwise incur personal financial liability in the performance of any of its duties hereunder or in the exercise of its rights and powers.

(Def.'s Motion to Dismiss, exhibit C at 5.)

The Order is exceedingly clear that Spinglass's limited potential liability extends only to "actions or omissions arising out of its gross negligence, willful misconduct or knowing violation of law." As such, Montgomery's claims for breach of fiduciary duty and waste must be dismissed. They are outside of the scope of claims that can permissibly be brought against Spinglass, and therefore fail to state a claim for which relief can be granted.

## 2. Gross Negligence Claim

As stated above, Spinglass is liable only if it was grossly negligent in its role as the receiver. Thus, in order to survive the motion to dismiss, Montgomery must have adequately plead the elements of negligence. For purposes of this motion to dismiss, the court concludes that there is no legally significant difference between gross negligence and negligence. *See Reliance National Indemnity v. Knowles Industrial Services Corp.*, 2005 ME 29, ¶ 17, 868 A.2d 220, 227 (noting that Maine has generally rejected the concept of gradations of negligence).

7

The court concludes that the facts plead by Montgomery are sufficient to sustain a claim with respect to both negligence and gross negligence. Montgomery's complaint establishes facts that, viewed in a light most favorable to him, could show that Spinglass's handling of the daycare business fell below the standard of care expected of a receiver by not properly managing the assets of the business. However, the court now looks to Justice Cole's findings to determine whether the issue of Spinglass's negligence was already litigated such that issue preclusion bars the claim.

Justice Cole's Order states, in pertinent part:

> Having reviewed the supporting documentation regarding the fees, and finding that they were *reasonable and necessary for receivership*, the court hereby approves and allows the fees of Spinglass and [their attorneys] through the date of closing . . . . The court finds that the efforts of Spinglass were instrumental in bringing about the closing on the sale of the daycare business, and that this was of benefit to the plaintiff [Montgomery] and defendant [Cairns] in this action . . . .

(Def.'s Motion to Dismiss, exhibit F ¶4-5.). These findings satisfy the requirement that the issue has been "actually litigated." *See Butler v. Mooers*, 2001 ME 56, ¶ 8, 771 A.2d 1034, 1037; *Cianchette v. Verrier*, 155 Me. 74, 95, 151 A.2d 502, 513 (1959).

Montgomery also had a fair opportunity to litigate the issue. He could have filed an objection or response to Spinglass's verified motion as Cairns did, but chose not to. "[T]he purpose of collateral estoppel is to prevent harassing and repetitious litigation, to avoid inconsistent holdings which lead to further litigation, and to give sanctity and finality to judgments." *Van Houten v. Harco Construction Co.*, 655 A.2d 331, 333 (Me. 1995) (citing *Hossler v. Barry*, 403 A.2d 762, 767 (Me. 1979)). Therefore, as the claim that Spinglass was grossly negligent regarding "excessive and unnecessary fees and expenses" was both actually litigated, as evident by Justice Cole's findings, and Montgomery had a fair opportunity and incentive to litigate the issue, Spinglass's motion to dismiss must be granted.

8

## V. DECISION AND ORDER

The clerk will make the following entries as the Decision and Order of the court:

**A.** The Motion to Dismiss by the defendant Spinglass Management Group, LLC, is granted.

**B.** The clerk will enter judgment for the defendant Spinglass Management Group, LLC with costs as allowed by statute and rule.

SO ORDERED

February 11, 2010

Thomas E. Delahanty II
Justice, Maine Superior Court

9

Attorney for: ROBERT J MONTGOMERY
DAVID J VAN DYKE - RETAINED 05/07/2009
HORNBLOWER LYNCH RABASCO & VANDYKE
261 ASH STREET
PO BOX 116
LEWISTON ME 04243-0116

vs

SPINGLASS MANAGEMENT GROUP LLC - DEFENDANT
,
Attorney for: SPINGLASS MANAGEMENT GROUP LLC
JERROL CROUTER - RETAINED 05/28/2009
DRUMMOND WOODSUM & MACMAHON
84 MARGINAL WAY SUITE 600
PORTLAND ME 04101

PIONEER CAPITAL CORP DISMISSED - DEFENDANT
,
Attorney for: PIONEER CAPITAL CORP DISMISSED
JAMES B BARNS - RETAINED 06/09/2009
LAW OFFICE OF JAMES B. BARNS
361 US ROUTE 1
FALMOUTH ME 04105

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No AUBSC-CV-2009-00089

# DOCKET RECORD

Filing Document: COMPLAINT                    Minor Case Type: OTHER CIVIL
Filing Date: 05/07/2009

## Docket Events:

05/07/2009 FILING DOCUMENT - COMPLAINT FILED ON 05/07/2009

05/07/2009 Party(s): ROBERT J MONTGOMERY
           ATTORNEY - RETAINED ENTERED ON 05/07/2009
           Plaintiff's Attorney: DAVID J VAN DYKE

05/07/2009 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 05/07/2009

05/20/2009 Party(s): SPINGLASS MANAGEMENT GROUP LLC
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 05/08/2009
           THROUGH THOMAS LAHEY, ESQ.

05/20/2009 Party(s): SPINGLASS MANAGEMENT GROUP LLC
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 05/20/2009

05/29/2009 Party(s): SPINGLASS MANAGEMENT GROUP LLC
           MOTION - MOTION TO DISMISS FILED ON 05/28/2009
           DEF SPINGLASS MANAGEMENT WITH INCORPORATED MEMORANDUM OF LAW AND PROPSED ORDER

06/08/2009 Party(s): SPINGLASS MANAGEMENT GROUP LLC
           MOTION - MOTION TO DISMISS FILED ON 06/03/2009
           DEFENDANT SPINGLASS AMENDED MOTION WITH INCORPORATED MEMORANDUM OF LAW AND EXHIBITS A-G
           REC'D 06-16-09: PLT'S OPPOSITION FILED. REC'D 06-22-09: REPLY FILED.

06/08/2009 Party(s):  SPINGLASS MANAGEMENT GROUP LLC
          MOTION - MOTION TO DISMISS MOOT ON 06/03/2009
          AMENDED MOTION FILED.


06/15/2009 Party(s):  PIONEER CAPITAL CORP DISMISSED
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 05/21/2009
          THROUGH JEAN SPICKEL


06/15/2009 Party(s):  PIONEER CAPITAL CORP DISMISSED
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 06/04/2009


06/16/2009 Party(s):  PIONEER CAPITAL CORP DISMISSED
          ATTORNEY - RETAINED ENTERED ON 06/09/2009
          Defendant's Attorney: JAMES B BARNS


06/16/2009 Party(s):  PIONEER CAPITAL CORP DISMISSED
          RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 06/09/2009
          PIONEER


07/20/2009 Party(s):  PIONEER CAPITAL CORP DISMISSED
          MOTION - MOTION TO DISMISS FILED ON 07/20/2009
          TO DISMISS PIONEER CAPITAL CORP WITH PROPOSED ORDER


07/22/2009 Party(s):  PIONEER CAPITAL CORP DISMISSED
          MOTION - MOTION TO DISMISS GRANTED ON 07/21/2009
          THOMAS E DELAHANTY II, JUSTICE
          BY AGREEMENT OF THE PARTIES, THE DEFENDANT, PIONEER CAPITAL CORP IS DISMISSED FROM ALL
          COUNTS FROM THIS ACTION WITH PREJUDICE AND WITHOUT COSTS.  COPIES TO PARTIES ON  7-22-09.


07/22/2009 Party(s):  SPINGLASS MANAGEMENT GROUP LLC
          ATTORNEY - RETAINED ENTERED ON 05/28/2009
          Defendant's Attorney: JERROL CROUTER


09/28/2009 HEARING - MOTION TO DISMISS SCHEDULED FOR 10/09/2009


10/09/2009 HEARING - MOTION TO DISMISS HELD ON 10/09/2009
          THOMAS E DELAHANTY II, JUSTICE
          Defendant's Attorney: JERROL CROUTER
          Plaintiff's Attorney:  DAVID J VAN DYKE
          TAPE NO 554 INDEX NO'S 4491-5147 MATTER TAKEN UNDER ADVISEMENT


01/28/2010 LETTER - FROM NON-PARTY FILED ON 01/27/2010
          LETTER FROM DAVID VAN DYKE, ESQ. RE: CASE BEING UNDERADVISEMENT WAITING FOR A DECISION.


02/12/2010 Party(s):  SPINGLASS MANAGEMENT GROUP LLC
          MOTION - MOTION TO DISMISS GRANTED ON 02/11/2010
          THOMAS E DELAHANTY II, JUSTICE
          THE MOTION TO DISMISS BY THE DEFENDANT SPINGLASS MANAGEMENT GROUP, IS GRANTED. THE CLERK
          WILL ENTER JUDGMENT FOR THE DEFENDANT SPINGLASS MANAGEMENT GROUP, LLC WITH COSTS ALLOWED
          BY STATUTE AND RULE


02/12/2010 FINDING - JUDGMENT DETERMINATION ENTERED ON 02/11/2010
          THOMAS E DELAHANTY II, JUSTICE

ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPIES TO
PARTIES/COUNSEL

ORDER - COURT JUDGMENT ENTERED ON 02/11/2010
THOMAS E DELAHANTY II, JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPIES TO
PARTIES/COUNSEL
Judgment entered for SPINGLASS MANAGEMENT GROUP LLC and against ROBERT J MONTGOMERY.


02/12/2010 FINDING - FINAL JUDGMENT CASE CLOSED ON 02/12/2010

02/19/2010 Party(s): ROBERT J MONTGOMERY
           APPEAL - NOTICE OF APPEAL FILED ON 02/18/2010
           BY PLT

02/24/2010 Party(s): ROBERT J MONTGOMERY
           OTHER FILING - TRANSCRIPT ORDER FORM FILED ON 02/23/2010

02/24/2010 Party(s): ROBERT J MONTGOMERY
           OTHER FILING - TRANSCRIPT ORDER FORM SENT TO REPORTER/ER ON 02/24/2010

02/24/2010 Party(s): ROBERT J MONTGOMERY
           APPEAL - NOTICE OF APPEAL SENT TO LAW COURT ON 02/24/2010

03/01/2010 APPEAL - RECORD ON APPEAL DUE IN LAW COURT ON 03/11/2010

03/01/2010 APPEAL - RECORD ON APPEAL SENT TO LAW COURT ON 03/01/2010
           ENTIRE ORIGINAL FILED SENT ALONG WITH DOCKET RECORD.


A TRUE COPY
ATTEST: _____
                    Clerk