STATE OF MAINE                                    UNIFIED CRIMINAL COURT
CUMBERLAND, ss.                                   DOCKET NO. 09-9366

                        2010 JUL 30  P 1: 06


STATE OF MAINE,                )
                               )
                               )
                               )
        v.                     )              ORDER
                               )
Trung N. CAN,                  )
DOB: 10/1/1974                 )
                               )


        Defendant Trung Can is accused of unlawful sexual contact with a thirteen-year-old girl, the daughter of his girlfriend, Julie Pham. Other than the alleged victim, there are four other children in the home. On August 10 and August 12, 2009, the court held a contested jeopardy hearing to determine whether there was evidence of actual jeopardy to those four other children. In its Dismissal Order after Jeopardy Hearing, dated August 13, 2009, the court determined that there was no proven jeopardy to the other four children under § 4035. Defendant now moves to dismiss the criminal complaint against him, arguing that the doctrine of collateral estoppel precludes the case from proceeding.

        "The doctrine of collateral estoppel is embodied in the Constitution's Fifth Amendment guarantee against double jeopardy." State v. Hughes, 2004 ME 141, ¶ 5, 863 A.2d 266, 268. Collateral estoppel applies where "(1) the identical factual issue was decided by a prior final judgment, and (2) the party to be estopped had an opportunity and an incentive to litigate the issue at the prior proceeding." Id. ¶ 5, 863 A.2d at 269. "A party has a fair opportunity to litigate an issue if that party either controls the litigation, substantially participates in that litigation, or could have participated in the litigation had they chosen to do so." Id.

        The factual issue to be determined in the criminal case against Defendant has not been decided by any prior judgment. The issue in the criminal case is whether Defendant engaged in the unlawful sexual touching of a minor. Nowhere in the District Court's Dismissal Order after Jeopardy Hearing of August 13, 2009 does the court state any finding on this factual issue.

        Defendant argues that the issue of his alleged conduct must have been decided in the August 13, 2009 Order. Defendant reasons that because the alleged conduct was the only ground of jeopardy alleged in the State's petition for child protective orders for the four other children, and because the court dismissed the petitions, the court must have determined that he did not engage in the alleged conduct.

        Defendant's argument fails to recognize that the issue of Defendant's alleged conduct was not essential to the judgment in the jeopardy hearing. The jeopardy hearing was limited to the issue of the other four children's safety. To determine whether those children were in

jeopardy, the court would have had to establish two facts: first, that Defendant likely engaged in the alleged contact; and second, that Defendant's conduct toward the alleged victim was likely to extend toward the other four children. Therefore, in finding that the other four children were not in jeopardy, the court was implicitly stating that it had not established *both* of these facts. Defendant's argument therefore fails because he cannot prove that the court made any finding as to the first fact, which is the fact at issue in the criminal prosecution.

Furthermore, collateral estoppel is not a bar to Defendant's criminal prosecution because there is no identity between the parties to the contested jeopardy hearing and the parties to the criminal prosecution. At the contested jeopardy hearing, the District Attorney's Office was not present. At that hearing, the DA neither controlled nor substantially participated in the litigation, nor did they have the option to do so. The DA therefore did not have the opportunity to fully and fairly litigate the issue of Defendant's alleged criminal conduct.

Defendant argues that because the Department of Health and Human Services and the District Attorney's Office are both agencies of the State, they are sufficiently related to satisfy the requirement that the prosecution in his criminal case already had the opportunity to fully and fairly litigate the issue of his alleged criminal conduct. In support of this argument, Defendant cites a California case in which a court held that DSS's determination that a defendant had not engaged in welfare fraud collaterally estopped the State from its criminal prosecution of that defendant for the same. People v. Sims, 32 Cal. 3d 468, 651 P.2d 321, 186 Cal. Rptr. 77 (Cal. 1982).

Defendant's case is distinguished from Sims in that it does not have to do with welfare fraud. The Sims court framed its holding narrowly, and pointed to "the unique statutory scheme set up by the Legislature establishing a policy in favor of resolving [welfare] fraud cases outside the criminal justice system," in making its decision. Id. at 334. Incidentally, the holding in Sims was legislatively abrogated soon after. See People v. Preston, 43 Cal. App. 4th 450, 50 Cal.Rptr.2d 778 (Ct. App. 1996). In the absence of any authority to the contrary, this court declines to make a determination that the finding in a child protection case should be given preclusive effect in a subsequent criminal proceeding.

Because the issue of Defendant's alleged criminal conduct has not been decided in a prior final judgment, and because the District Attorney's Office has not yet had an opportunity to fully and fairly litigate the issue of Defendant's alleged criminal conduct, collateral estoppel is not a bar to the ongoing criminal case against Defendant. Defendant's Motion to Dismiss is therefore DENIED.

DATED:     July 30, 2010                  _____
                                          MaryGay Kennedy, Judge
                                          Unified Criminal Court

STATE OF MAINE
    vs
TRUNG CAN                                          Docket No  CUMCD-CR-2009-09366
16 GREENLEAF STREET
PORTLAND ME 04101                                     **DOCKET RECORD**

DOB: 10/01/1974
Attorney: HENRY SHANOSKI                    State's Attorney: STEPHANIE ANDERSON
         LAW OFFICE OF HENRY SHANOSKI
         386 FORE ST SUITE 204
         PO BOX 391
         PORTLAND ME 04112
         APPOINTED 04/12/2010

Filing Document: CRIMINAL COMPLAINT           Major Case Type: MISDEMEANOR (CLASS D,E)
Filing Date: 12/03/2009

## Charge(s)

1    UNLAWFUL SEXUAL TOUCHING                    04/16/2009 PORTLAND
Seq 9314   17-A   260(1)(G)            Class D
    DUNHAM              / POR

## Docket Events:

12/03/2009 FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 12/03/2009

12/03/2009 WARRANT -  ON AFFIDAVIT REQUESTED ON 12/03/2009

12/03/2009 WARRANT -  ON AFFIDAVIT ORDERED ON 12/03/2009

12/03/2009 WARRANT -  ON AFFIDAVIT IMPOUNDED ON 12/03/2009

12/03/2009 WARRANT -  ON AFFIDAVIT ISSUED ON 12/03/2009

02/22/2010 WARRANT -  ON AFFIDAVIT EXECUTED ON 02/19/2010

02/22/2010 WARRANT -  ON AFFIDAVIT RETURNED ON 02/22/2010

         MSP-DEJROOL
02/24/2010 BAIL BOND - $150.00 CASH BAIL BOND FILED ON 02/22/2010

         Bail Receipt Type: CR
         Bail Amt:  $150
                                  Receipt Type: CK
         Date Bailed: 02/19/2010  Prvdr Name: JULIE  PHAM
                                  Rtrn Name: JULIE  PHAM
         #636                                  3RD PARTY D.O.B. 12/27/1972
02/24/2010 Charge(s): 1
         HEARING -  ARRAIGNMENT SCHEDULED FOR 04/08/2010 @ 8:30 in Room No.  1

04/08/2010 Charge(s): 1
         HEARING -  ARRAIGNMENT HELD ON 04/08/2010 @ 8:30 in Room No.  1
         THOMAS D WARREN , JUSTICE
         Attorney: HENRY SHANOSKI
                        Page  1  of 3                    Printed on: 08/02/2010

DA:   TRACY LEADBETTER
DEFENDANT INFORMED OF CHARGES.  21 DAYS TO FILE MOTIONS
04/08/2010 Charge(s): 1
        PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 04/08/2010 @ 8:30 in Room No.  1
        THOMAS D WARREN , JUSTICE
        Attorney:  HENRY SHANOSKI
        DA:   TRACY LEADBETTER
04/08/2010 Charge(s): 1
        HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 06/30/2010 @ 9:30 in Room No.  7

04/08/2010 Charge(s): 1
        TRIAL -  JURY TRIAL SCHEDULED FOR 07/26/2010 @ 8:30 in Room No.  11

        NOTICE TO PARTIES/COUNSEL
04/09/2010 Charge(s): 1
        MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 04/09/2010

04/13/2010 Charge(s): 1
        MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 04/12/2010
        ROLAND  BEAUDOIN , JUDGE
        COPY TO PARTIES/COUNSEL
04/13/2010 Party(s):  TRUNG CAN
        ATTORNEY -  APPOINTED ORDERED ON 04/12/2010

        Attorney:  HENRY SHANOSKI
05/19/2010 ORDER -  TRANSCRIPT ORDER FILED ON 05/17/2010
        DONNA  CARTER , ASSISTANT CLERK-E
        Attorney:  HENRY SHANOSKI
        MOTION FOR TRANSCRIPT AT STATE EXPENSE FILED FOR 2 DAY CHILD PROTECTIVE HEARING HELD IN
        AUGUST 2009. A SECOND MOTION WAS FILED WITH THE DISTRICT COURTBECAUSE THE PC CASE WAS HELD
        HERE.  I HAVE FILED BOTH REQUESTS FOR TRANSCRIPT IN THE PC CASE SO AS TO AVOID
        DUPLICATION.
06/07/2010 MOTION -  MOTION TO DISMISS FILED BY DEFENDANT ON 06/07/2010

        Attorney:  HENRY SHANOSKI
06/07/2010 HEARING -  MOTION TO DISMISS SCHEDULED FOR 06/22/2010 @ 1:00 in Room No.  8

        NOTICE  TO PARTIES/COUNSEL
06/07/2010 HEARING -  MOTION TO DISMISS NOTICE SENT ON 06/07/2010
        TERRY  VALCOURT , ASSISTANT CLERK-E
06/07/2010 Charge(s): 1
        HEARING -  DISPOSITIONAL CONFERENCE NOTICE SENT ON 06/07/2010
        TERRY  VALCOURT , ASSISTANT CLERK-E
06/08/2010 MOTION -  MOTION TO CONTINUE FILED BY DEFENDANT ON 06/08/2010

        Attorney:  HENRY SHANOSKI
        JH
06/09/2010 MOTION -  MOTION TO CONTINUE GRANTED ON 06/09/2010
        ROLAND A COLE , JUSTICE
        COPY TO PARTIES/COUNSEL                                          JH
06/09/2010 HEARING -  MOTION TO DISMISS CONTINUED ON 06/09/2010

06/09/2010 HEARING -  MOTION TO DISMISS SCHEDULED FOR 06/29/2010 @ 1:00 in Room No.  8

NOTICE   TO PARTIES/COUNSEL
06/09/2010 HEARING -  MOTION TO DISMISS NOTICE SENT ON 06/09/2010


JH
06/29/2010 HEARING -  MOTION TO DISMISS NOT HELD ON 06/29/2010


06/30/2010 Charge(s): 1
           HEARING -  DISPOSITIONAL CONFERENCE NOT HELD ON 06/30/2010


           CASE SET FOR MOTION AND THEN FOR JURY SELECTION
06/30/2010 Charge(s): 1
           HEARING -  MOTION TO DISMISS SCHEDULED FOR 07/20/2010 @ 1:00 in Room No.  8


           NOTICE   TO PARTIES/COUNSEL
06/30/2010 Charge(s): 1
           HEARING -  MOTION TO DISMISS NOTICE SENT ON 06/30/2010


07/20/2010 Charge(s): 1
           TRIAL -  JURY TRIAL CONTINUED ON 07/20/2010


07/26/2010 MOTION -  MOTION TO DISMISS UNDER ADVISEMENT ON 07/20/2010
           MARYGAY  KENNEDY , JUDGE
07/26/2010 TRIAL -  JURY TRIAL SCHEDULED FOR 08/23/2010 @ 8:30 in Room No.  11


           NOTICE TO PARTIES/COUNSEL
07/26/2010 TRIAL -  JURY TRIAL NOTICE SENT ON 07/26/2010


07/26/2010 Charge(s): 1
           HEARING -  MOTION TO DISMISS HELD ON 07/20/2010
           MARYGAY  KENNEDY , JUDGE
           Attorney:  HENRY SHANOSKI
           DA:  TRACY LEADBETTER
           IN CHAMBERS
08/02/2010 MOTION -  MOTION TO DISMISS DENIED ON 07/30/2010
           MARYGAY  KENNEDY , JUDGE
           COPY TO PARTIES/COUNSEL
08/02/2010 ORDER -  COURT ORDER FILED ON 07/30/2010
           MARYGAY  KENNEDY , JUDGE
           MOTION TO DISMISS DENIED

A TRUE COPY
ATTEST: _____
                    Clerk